# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. BEAUTYMAN and MICHAEL J. BEAUTYMAN FAMILY LIMITED PARTNERSHIP, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | No. 17-5804 |
| v. | : : : | |
| DAVID LAURENT, a/k/a, DAVID J. LEHARVEO, | : : : : | |
| Defendant. | : : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                  **OCTOBER 31, 2019**

Presently before the Court is Defendant David Laurent, a/k/a, David J. Leharveo's ("Laurent") Renewed Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50(b) and Plaintiffs Michael J. Beautyman and Michael J. Beautyman Family Limited Partnership's (collectively, "Beautyman") Response in Opposition.

Laurent filed this motion on October 17, 2019, following a trial in this case, held on October 2–3, 2019, in which a jury returned a verdict in Beautyman's favor for the amount of $135,689.68. For the reasons noted below, Laurent's Motion is denied.

## I.     LEGAL STANDARD

In deciding a motion for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(b), the court must consider whether, "viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is sufficient evidence from which a jury could find liability." *Lightning Lube, Inc. v. Witco*

*Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993) (citing *Wittekamp v. Gulf & Western Inc.*, 991 F.2d 1137, 1141 (3d Cir. 1993)). The court is not allowed to weigh the evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury. *See Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 113 (3d Cir. 1987). Additionally, the court must draw factual inferences in favor of the non-moving party; however, "[t]he question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Kotas v. Eastman Kodak Co.*, No. 95-1634, 1997 WL 570907, at *7 (E.D. Pa. Sept. 4, 1997) (Kelly, J.) (quoting *Lightning Lube*, 4 F.3d at 1166).

## II. DISCUSSION

A two-day jury trial was held in this breach of contract case on October 2–3, 2019, therefore, we need not reiterate the entire factual history here.[1] At the close of trial, the jury returned a verdict finding that Laurent caused injury to Beautyman's property, in violation of a lease agreement between the two parties. (Doc. No. 68.) The jury awarded Beautyman damages in the amount of $135,689.68. (*Id.*)

During trial, Laurent, acting *pro se*, attempted to argue that Beautyman violated the Pennsylvania Landlord Tennant Act of 1951, 68 Pa. Cons. Stat. § 250.521 ("Landlord Tenant Act" or "Act") and had forfeited his right to seek damages from Laurent. According to Laurent, Beautyman failed to provide him with a written list of any damages to the property, for which Beautyman believed Laurent was liable, within 30 days of Laurent vacating the premises, as was required by the Act. Though Laurent did not testify, he conducted a cross-examination of

---

[1] The Court also fully detailed the factual background of this case in its June 11, 2019 Memorandum Opinion, (Doc. No. 36.)

2

Beautyman and asked whether Beautyman had provided him with such a list. Beautyman responded affirmatively that he had.[2] Laurent renews this argument in the instant motion.

Under the Landlord Tenant Act,

> (a) Every landlord shall within thirty days of termination of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable. Delivery of the list shall be accompanied by payment of the difference between any sum deposited in escrow, including any unpaid interest thereon, for the payment of damages to the leasehold premises and the actual amount of damages to the leasehold premises caused by the tenant. Nothing in this section shall preclude the landlord from refusing to return the escrow fund, including any unpaid interest thereon, for nonpayment of rent or for the breach of any other condition in the lease by the tenant.
>
> (b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises.

68 Pa. Cons. Stat. § 250.512(a)–(b).

Laurent's sole argument rests on paragraph (b)'s language stating that a landlord "shall forfeit all rights to withhold any portion of sums held in escrow . . . or to bring suit against the tenant for damages." (Def.'s Renewed Mot. for J.M.O.L. 2, 5.) Laurent interprets this sentence as his "get out of jail free" card; that no matter what the amount of damages he himself admittedly caused, he should suffer no consequences because he was not provided a detailed list of such damages by Beautyman. (*Id.* at 5.)

However, Laurent ignores the preceding paragraph that states, "[n]othing in this section shall preclude the landlord from refusing to return the escrow fund . . . for nonpayment of rent or

---

[2] We note that no transcript of the trial was ordered, as required under Local R. Civ. P. 7.1(e). However, both Laurent and Beautyman agree that Beautyman affirmatively answered Laurent's question. (Def.'s Renewed Mot. for J.M.O.L. 4; Pls.' Resp. in Opp'n ¶ 4.)

3

for the breach of any other condition in the lease by the tenant." 68 Pa. Cons. Stat. § 250.512(a). This case clearly revolved around Section 15(B)–(C) of the Lease Agreement, which does not allow the Tenant to, among other things, "[d]estroy, damage or deface any part of the Property or common areas." (Pl.'s Trial Ex. 1.) If such damage were to occur, the Lease Agreement states that the "Tenant is solely responsible to pay the costs for repairing any damage that is the fault of Tenant . . . ." (*Id.*)

Beautyman is not suing to withhold the security deposit to cover the costs of the damage done by Laurent, as codified in Section 8 of the Lease Agreement. Instead, he is trying to enforce Laurent's duty under Section 15(B)–(C) of the Lease Agreement to recover the amount necessary for Laurent's breach—an amount the jury found to be $135,689.68. Therefore, §250.512 of the Landlord Tenant Act does not apply in this case and Laurent's argument fails.

### IV. CONCLUSION

For these reasons, Laurent's Renewed Motion for Judgment as a Matter of Law is denied.

An appropriate Order Follows.