IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. BEAUTYMAN and<br>MICHAEL J. BEAUTYMAN FAMILY<br>LIMITED PARTNERSHIP,<br>          *Plaintiffs*,<br><br>    v.<br><br>DAVID LAURENT *also known as* DAVID<br>J. LEHARVEO,<br>          *Defendants*. | CIVIL ACTION<br>NO. 17-5804 |

**PAPPERT, J.**                                                                 **March 2, 2021**

**MEMORANDUM**

      Plaintiffs Michael J. Beautyman and Michael J. Beautyman Family Limited Partnership (collectively "Beautyman") have renewed a motion to compel full and complete responses to interrogatories in aid of execution (ECF 97; *see also* ECF 89) in connection with the Judgment entered against Defendant David Laurent, a/k/a David J. Leharveo. (ECF 67.) Beautyman also seeks to hold Laurent in contempt for his failure to respond. (ECF 97.) The Court grants the motion to the extent that it seeks to compel Laurent's interrogatory responses and denies it without prejudice to the extent that it seeks to hold Laurent in contempt.

I

      On October 3, 2019, after a trial and in accordance with the jury's verdict (ECF 68), the Court entered Judgment in favor of Beautyman and against Laurent in the amount of $135,689.68 for Laurent's destruction of the premises which Beautyman rented to him and his other breaches of a lease contract between the parties. (ECF 67.) On January 24, 2020, Laurent appealed to the Third Circuit. (ECF 83.) Three days

later, Laurent filed a motion seeking to quash the execution of the judgment against him, citing his appeal. (ECF 84.)

The next day, Beautyman served interrogatories in aid of execution upon Laurent seeking information about his assets. (*See* ECF 97-1 at 1.) When Laurent did not respond to the Interrogatories by February 27, 2020, counsel for Beautyman emailed him to remind him his responses were due that day and to ask when his answers could be expected. (*Id.* at 2.) Laurent said he would not respond to the Interrogatories unless Beautyman answered the interrogatories Laurent had served on Beautyman. (*Id.*) Because Laurent did not respond to Beautyman's Interrogatories, Beautyman filed a motion on March 6, 2020 seeking to compel Laurent's response. (ECF 89.)

The Court then placed this matter in suspense pending resolution of Laurent's appeal. (ECF 92.) The Third Circuit affirmed the Judgment against Laurent on October 23, 2020. (ECF 94.) The Court entered an Order on October 28, 2020 mooting Laurent's motion seeking to quash the execution of the judgment and directing Beautyman to inform the court if it intended to renew its motion to compel responses to its interrogatories in aid of execution. (ECF 95.) A day later, Beautyman told the Court it would renew its motion. (ECF 96.) On November 11, 2020, Beautyman filed a renewed motion to compel Laurent's interrogatory responses and moved to hold Laurent in contempt. (ECF 97.) Although the Court directed Laurent to respond on or before November 16, 2020 (ECF 95), Laurent has not done so.

I

Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or

execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure for the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added).  Discovery under Federal Rule of Civil Procedure Rule 26(b)(1) must be "relevant" and "proportional" to the case's needs.[1]  Fed. R. Civ. P. 26(b)(1).  Rule 69 discovery "'must be calculated to assist in collecting on a judgment.'"  *Haiying Xi v. Shengchun Lu*, 804 F. App'x 170, 173 (3d Cir. Feb. 14, 2020) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)).  "[A]ll discovery procedures provided in the [Federal Rules of Civil Procedure] are available" in aid of execution on a judgment.  Fed. R. Civ. P. 69 advisory committee's note.  "'[A]n evasive or incomplete disclosure, answer or response'" to a Rule 69 discovery request "'must be treated as a failure to disclose, answer, or respond,'" and supports a motion to compel.  *Xi*, 804 F. App'x at 173 (quoting Fed. R. Civ. P. 37(a)(4)).

Beautyman is entitled to the discovery it seeks, as it is relevant and proportional to its efforts to enforce and collect on the still-unsatisfied judgment against Laurent. Laurent has not objected to Beautyman's renewed motion and he shall provide his full and complete interrogatory responses within seven days of this decision.

## II

Beautyman also seeks sanctions against Laurent for contempt.  Civil contempt "is a 'severe remedy, and should not be resorted to where there is fair ground of doubt

---

[1] "Information that could not possibly lead to executable assets" is not relevant. *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 144 (2014).  Also, the Court may limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Laurent, however, has not objected to the information Beautyman seeks to compel.

as to the wrongfulness of the defendant's conduct.'" *First Niagara Risk Mgmt., Inc. v. Kolongowski*, 16-0719, 2017 WL 660855, at *5 (E.D. Pa. Feb. 17, 2017) (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)).  Before the Court may hold Laurent in civil contempt, Beautyman must show that: (1) a valid court order existed; (2) Laurent had knowledge of it; and (3) Laurent disobeyed the order.  *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010).  There must be "clear and convincing evidence" to establish these elements and any ambiguities must be resolved in Laurent's favor.  *See John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003).

Beautyman argues Laurent should be held in contempt because he "has been ignoring the Orders of the Court throughout the course of proceedings . . . ."[2] (ECF 97-1 at 5.)  It contends the first element of civil contempt is satisfied by the Court's October 28, 2020 Order.  (*Id.* at 6; *see* ECF 95 (Order).)  It argues the second element – Laurent's knowledge of the October 28 Order – is met because the Order was served on Laurent via the Court's ECF filing system.  (*Id.*; *see also* ECF 28 (Order granting Laurent ECF access).)  Beautyman contends the third element is satisfied because Laurent did not respond to the renewed motion to compel his interrogatory responses. (ECF 97-1 at 6.)  As a sanction, Beautyman seeks a fine of $100 per day until Laurent provides full, complete and verified responses.  (ECF 97-1 at 7.)  It also seeks $3,882.20 in attorney's fees incurred in connection with preparing its motions to compel Laurent's responses.  (*Id.* at 6-7.)

---

[2] The case was reassigned to this Court from Judge Kelly on January 29, 2020 (ECF 89), after the trial and after many of the "examples of Laurent's flouting the legal system" cited in Beautyman's brief.  (ECF 97-1 at 5-6.)

Although Laurent has not cooperated with Beautyman's efforts to execute on the judgment against him, the Court will not yet hold him in contempt. The Court's October 28, 2020 Order did not unambiguously require a response to the interrogatories in aid of execution. It only directed Laurent to respond to any renewed motion to compel his response to Beautyman's interrogatories. Although he filed no response, due process requires "notice and a hearing before a finding of contempt is made and before the imposition of contempt sanctions so that the parties have an opportunity to explain the conduct deemed deficient and that a record will be available to facilitate appellate review." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995) (citation, internal quotation and ellipses omitted).

Beautyman's request for an order of contempt is denied without prejudice to renewal if Laurent does not provide full, complete and verified responses to Beautyman's interrogatories within seven days. If Laurent does not do so, Beautyman may again seek to hold Laurent in contempt and may ask the Court to impose appropriate sanctions following a hearing. [3]

An appropriate Order follows.

                                                          BY THE COURT:

                                                          ***/s/ Gerald J. Pappert***
                                                          GERALD J. PAPPERT, J.

---

[3]     Sanctions for civil contempt are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). They may include fines, incarceration and/or a reimbursement of costs incurred while seeking to obtain compliance. *See Pasternack v. Klein,* No. 14-2275, 2017 WL 1508970, at *3 (E.D. Pa. Apr. 27, 2017) ("A fine of between $100 and $1,000 per day is often used to coerce compliance with court orders."); *id.* at *2 ("The judge may also jail an individual found in contempt of court, provided that the contemnor can avoid or terminate his confinement by showing compliance with the Court's order.").