IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. BEAUTYMAN and MICHAEL J. BEAUTYMAN FAMILY LIMITED PARTNERSHIP,<br>    *Plaintiffs*,<br><br>v.<br><br>DAVID LAURENT *also known as* DAVID J. LEHARVEO,<br>    *Defendant*. | CIVIL ACTION<br>NO. 17-5804 |

**PAPPERT, J.**                                 **April 2, 2021**

## MEMORANDUM

Plaintiffs Michael J. Beautyman and Michael J. Beautyman Family Limited Partnership (collectively "Beautyman") seek to hold Defendant David Laurent, a/k/a David J. Leharveo in contempt. (ECF 102.) Following a hearing where Laurent failed to appear (ECF 104), the Court grants the motion. Laurent is in contempt of the Court's March 2, 2021 Order requiring his response to discovery in aid of execution of a judgment against him. As a result, he is subject to coercive sanctions until he complies with the Court's Order and must reimburse Beautyman for the costs of obtaining his compliance.

I

On October 3, 2019, in accordance with the jury's verdict (ECF 68), the Court entered a $135,689.68 Judgment in favor of Beautyman and against Laurent for Laurent's destruction of the premises which Beautyman had rented to him and his other breaches of a lease contract between the parties. (ECF 67.) On January 24, 2020,

Laurent appealed to the Third Circuit. (ECF 83.) Three days later, Laurent moved to quash the execution of the Judgment against him citing his appeal. (ECF 84.)

The next day, Beautyman served interrogatories in aid of execution upon Laurent seeking information about his assets. (*See* ECF 97-1 at 1.) Laurent did not respond, so counsel for Beautyman emailed him to ask when his answers could be expected. (*Id.* at 2.) Laurent replied that he would not respond to the Interrogatories unless Beautyman responded to interrogatories Laurent had served on it. (*Id.*) Beautyman then moved to compel Laurent's response. (ECF 89.)

The Court placed this matter in suspense pending resolution of Laurent's appeal. (ECF 92.) On October 23, 2020, the Third Circuit affirmed the Judgment against Laurent. (ECF 94.) Five days later, the Court mooted Laurent's motion to quash execution of the Judgment and asked Beautyman whether it would renew its motion to compel Laurent's responses to its Interrogatories. (ECF 95.) The next day, Beautyman told the Court it would renew its motion to compel (ECF 96), and on November 11, filed a renewed motion which also sought to hold Laurent in contempt. (ECF 97.) Although the Court had directed Laurent to file a response to any renewed motion on or before November 16, 2020 (ECF 95), Laurent did not do so.

On March 2, 2021, the Court granted Beautyman's motion to the extent that it sought to compel Laurent's interrogatory responses and denied it without prejudice to the extent that it sought to hold him in contempt. (ECF 99, 100.) Laurent was ordered to provide full and complete interrogatory responses to Beautyman on or before Wednesday, March 10, 2021. (ECF 100.) Laurent did not and, to date, has not responded to Beautyman's Interrogatories. (ECF 102, ¶ 13.) On March 19, Beautyman

renewed its motion seeking contempt sanctions against Laurent. (ECF 102.) The Court scheduled a hearing on the motion for April 1, stating that Laurent's "failure to participate in the scheduled argument w[ould] not preclude any finding of contempt or award of sanctions." (ECF 103.) Laurent did not appear in Court on April 1.

## II

### A

Contempt means "[c]onduct that defies the authority or dignity of a court or legislature. Because such conduct interferes with the administration of justice, it is punishable, usu[ally] by fine or imprisonment." CONTEMPT, Black's Law Dictionary (11th ed. 2019). Laurent is in civil contempt if: (1) a valid court order existed; (2) Laurent had knowledge of it; and (3) Laurent disobeyed the order. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). There must be "clear and convincing evidence" to establish these elements and any ambiguities must be resolved in Laurent's favor. *See John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). Civil contempt "is a 'severe remedy, and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *First Niagara Risk Mgmt., Inc. v. Kolongowski*, 16-0719, 2017 WL 660855, at *5 (E.D. Pa. Feb. 17, 2017) (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)).

The facts establishing Laurent's contempt are not in doubt. Because Laurent has yet to satisfy the Judgment, Beautyman continues to seek information needed to enforce and collect it. On March 2, 2021, the Court issued a valid order compelling Laurent's response to Beautyman's Interrogatories consistent with Federal Rule of Civil Procedure 69. (ECF 100.) Rule 69 provides that "[i]n aid of the judgment or

execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure for the state where the court is located."[1]  Fed. R. Civ. P. 69(a)(2).  "[A]ll discovery procedures provided in the [Federal Rules of Civil Procedure] are available" in aid of execution on a judgment.  Fed. R. Civ. P. 69 advisory committee's note.  Federal Rule of Civil Procedure Rule 26(b)(1) allows for discovery that is "relevant" and "proportional" to the case's needs.  Fed. R. Civ. P. 26(b)(1).  The information Beautyman seeks is relevant because it will allow Beautyman "to identify assets from which the [outstanding] judgment may be satisfied . . . ." *Haiying Xi v. Shengchun Lu*, 804 F. App'x 170, 173 (3d Cir. 2020).  Laurent's failure to respond to the Interrogatories supports the Order which compelled his response.  *See id.* ("'[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.'") (quoting Fed. R. Civ. P. 37(a)(4)).

There is nothing to suggest that Laurent did not receive actual notice of the March 2 Order.  It was served on him via the Court's ECF filing system at his email address consistent with Local Rules 5.1.2(4)(c) and 5.1.2(8)(d). [2]  (ECF 100.)  Laurent

---

[1]   Pennsylvania Rule of Civil Procedure 3117 also allows for discovery in aid of execution.  Pa. R. Civ. P. 3117.  "Discovery under Rule 3117 . . . is 'pure discovery,' intended as an ancillary aid in the discovery of assets."  *PaineWebber, Inc. v. Devin*, 658 A.2d 409, 412 (Pa. Super. Ct. 1995).  It "allows a judgment creditor to obtain information necessary to locate any assets of the judgment debtor and begin the process of execution or attachment of that property."  *Randall Mfg., LLC v. Pier Components, LLC*, No. 14-346, 2017 WL 1519498, at *2 (M.D. Pa. Apr. 27, 2017).

[2]   Laurent consented to electronic service of Court Orders when he asked the Court to be registered as an Electronic Case Filing (ECF) user.  Pursuant to Local Rule 5.1.2(4)(c):

> Registration as an ECF Filing User constitutes agreement to receive and consent to make electronic service of all documents as provided in these ECF Procedures in accordance with Rule 5(b) (2) (D) of the Federal Rules of Civil Procedure . . . .  This agreement and consent is applicable to all future cases until revoked by the ECF Filing User.

previously emailed the Court and Beautyman's counsel from this account to supply an updated postal address. (Hearing Ex. 1.) He was also served via ECF with the Court's March 23 Order scheduling argument on Beautyman's renewed contempt motion. (ECF 103; *see also* ECF 28 (Order granting Laurent ECF access "at the request of the Defendant").) In addition, counsel for Beautyman mailed Laurent a hard copy of the March 23, 2020 Order at the postal address Laurent provided. (Hearing Ex. 3.)

Laurent has not complied with the Court's March 2 Order. But the Court's Order is not optional and Laurent must comply whether he wants to or not. *See Shelton v. FCS Capital, LLC*, No. 18-3723, 2020 WL 4196211, at *4 (E.D. Pa. July 21, 2020). He is in contempt.

B

Sanctions for civil contempt are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994). They may include fines, incarceration or a reimbursement of costs incurred while seeking to obtain compliance. *See Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC,* No. 07-1053, 2011 WL 1399081, at *4-6 (W.D. Pa. Apr. 12, 2011).

It is appropriate to sanction Laurent for his contempt beginning on April 1, 2021 and for each day he continues to fail to respond to Beautyman's Interrogatories. *See*

---

L.R. Civ. P. 5.1.2(4)(c). Local Rule 5.1.2(8)(d) reiterates that "registration as an ECF Filing User constitutes agreement to receive and consent to make electronic service of all documents as provided in these ECF Procedures in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure . . . until revoked by the ECF Filing User." L.R. Civ. P. 5.1.2(8)(d).

5

*Int'l Plastics & Equip. Corp.*, No. 07-1053, 2011 WL 1399081, at *5; *see also Int'l Union, United Mine Workers of Am.*, 512 U.S. at 829 ("[S]uch fines exert a constant coercive pressure . . . ."). Beautyman suggests a penalty of $100 per day until Laurent makes full, complete and verified responses. (ECF 102-1 at 5.) A $100 daily fine – payable to the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania – will hopefully incentivize Laurent's compliance with the Court's Order. Courts have imposed higher coercive fines to obtain compliance with their orders and $100 per day is not more than is necessary. *See, e.g., SE Property Holdings, LLC v. Unified Recovery Group, LLC,* No. 14-008, 2018 WL 1896422, at *4 (S.D. Ala. Jan 4, 2018) (recommending a daily fine of at least $1,000); *In re Application of Sergeeva*, No. 13-3437, 2015 WL 12862925, at *9 (N.D. Ga. Oct. 13, 2015) (assessing a coercive fine of $500 per day for sixty days with leave to request an extension thereafter if the subpoenaed entity remained in contempt), *aff'd sub nom. Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016); *cf. Bonomo v. Citra Capital Mgmt., LLC*, No. 11-04409, 2016 WL 7428794, at *3 (D.N.J. May 17, 2016) (assessing a civil contempt fine of $500 per day to compel the defendant's execution of a consent judgment in compliance with his settlement agreement with the plaintiff).

      Beautyman shall immediately inform the Court if Laurent responds to the Interrogatories. If Laurent has not responded to Beautyman's Interrogatories by Friday October 1, 2021, Beautyman shall submit a status report to the Court and may petition for an extension or increase of the $100 daily fine or may ask the Court to issue a warrant for Laurent's arrest.[3]

---

[3]     In civil contempt proceedings, incarceration is not imposed as punishment, but it is one means of "coercing the party to do what he or she has previously refused to do." *Gilgallon v. Cnty. of*

C

Civil contempt sanctions may also be used "to compensate for losses sustained by the disobedience." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (internal quotation and citation omitted). Beautyman seeks reimbursement of attorney's fees incurred in its efforts to get Laurent to respond to its Interrogatories. (ECF 102-1 at 5.) An award of fees is an appropriate sanction designed to place Beautyman in the position it would have been in had Laurent done what the Court ordered him to do. *See Paddick v. Butt*, No. 09-4285, 2018 WL 6830476, at *1 (E.D. Pa. Dec. 27, 2018) ("If successful in a civil contempt proceeding, the complainant is entitled to costs of investigating violation of the court order [and] preparing for and conducting the contempt proceeding, and attorneys' fees.") (citing *Robin Woods Inc.*, 28 F.3d at 400-01). Laurent is liable to Beautyman for reimbursement of the attorneys' fees it has incurred and may continue to incur in pursuing compliance with its Interrogatories.

"An award of attorneys' fees and costs to the prevailing party in a civil contempt action is determined according to the 'lodestar method.'" *Paddick*, 2018 WL 6830476, at *4. The lodestar formula multiplies the reasonable number of hours expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The lodestar is presumed to be the reasonable fee." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Beautyman seeks reimbursement

---

*Hudson*, No. 02-5948, 2006 WL 1948985, at *2 (D.N.J. July 12, 2006). If Laurent's non-compliance ultimately compels his arrest, he will be committed to the custody of the U.S. Marshal for this District for confinement at the Federal Detention Center in Philadelphia, or such other federal facility as may be determined by the Bureau of Prisons to be more suitable. Laurent will be held in custody until further order of Court to be entered when he purges himself of contempt by having a designee produce his interrogatory responses to Beautyman's counsel.

7

for $6,054.70 in attorneys' fees it has already incurred. (ECF 105 at 5.) Stephen L. Alvstad, an attorney with more than 17 years of experience billed 13.16 hours on this matter at a $295 hourly rate and 5.5 hours at a $395 hourly rate. (ECF 102 at 6-7.) The hourly rates charged are consistent with prevailing market rates. After reviewing counsel's declaration and invoice, the Court finds he has spent a reasonable amount of time on tasks associated with enforcing Beautyman's Interrogatories and Laurent shall pay the full amount that has been requested.

    An appropriate Order follows.

BY THE COURT:

_/s/ Gerald J. Pappert_
GERALD J. PAPPERT, J.

8